# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re: Christopher Lawrence Hahn,

    Debtor.

Case No. 21-10238-7

---

Ilene J. Lashinsky,
United States Trustee,

    Plaintiff,

v.

Titan Legal Processing, LLC,

    Defendant.

Adversary Proceeding
No. 21-_____

## Complaint Under 11 U.S.C. § 526

**I. Parties, Jurisdiction, and Venue**

1. Plaintiff Ilene J. Lashinsky is the United States Trustee for Region 20, which includes the District of Kansas.

2. Under 11 U.S.C. §§ 307 and 526, the United States Trustee has standing to bring this complaint.

3. Defendant Titan Legal Processing, LLC is not registered with the Kansas Secretary of State, but is registered with the Illinois Secretary of State.

1

4. Defendant's registered agent is Spiegel & Utrera, P.A., 123 West Madison St., Suite 806, Chicago, IL 60602.

5. Christopher Lawrence Hahn is the debtor in the main chapter 7 bankruptcy case.

6. The United States Trustee brings this complaint under 11 U.S.C. § 526 and Fed. R. Bankr. P. 7001(1), 7001(7), and 7065.

7. Under 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 105(a) and § 526, and D. Kan. R. 83.8.5, this is a core proceeding and the Court has jurisdiction to hear this complaint.

8. Under 28 U.S.C. § 1409(a), venue properly lies in this Court.

9. Under Fed. R. Bankr. P. 7008, the United States Trustee consents to entry of a final order or judgment by the Bankruptcy Court.

**II. General Allegations**

10. The defendant bills itself as a company that reviews a client's debt situation, negotiates and resolves unsecured debt, and provides litigation defense services.

11. In August 2019, the defendant got the debtor to sign up for its Debt Resolution Services program, and arranged monthly drafts of $1,272.74.

12. The defendant advised the debtor about bankruptcy and specifically referred to itself as a debt relief agency under 11 U.S.C. § 527(a) and (b).

13. The debtor made seven payments to the defendant during 2019 and 2020, for a total of $8,909.18.

14. Although the defendant did not respond to the United States Trustee's demand letter and did not provide an accounting, its own payment schedule estimates at least $4,733.75 in fees through the first seven payments.

15. It is unknown if the defendant sent any of the remaining money to creditors, but upon information and belief no debts were resolved.

16. On March 29, 2021, Hahn filed a bankruptcy petition in chapter 7.[1]

### III. Claim for relief

#### Count 1: Voiding the Contract and Refund of Payments Under 11 U.S.C. § 526(c)(1)

17. The United States Trustee incorporates all other paragraphs of this Complaint.

---

[1] Main Case, Doc. #1.

18. Under 11 U.S.C. § 101(3), the debtor is an assisted person.

19. Under 11 U.S.C. § 101(4A), the defendant provided bankruptcy assistance to the debtor.

20. Under 11 U.S.C. § 101(12A), the defendant is a debt relief agency.

21. Under 11 U.S.C. § 526(c)(1), the agreement between the defendant and the debtor should be voided and may not be enforced other than by the debtor. As a result, the defendant must return all the money it received from the debtor under the contract. The money should be paid to the chapter 7 trustee as that is property of the estate.

22. Cause exists because the defendant did not comply with the material requirements of 11 U.S.C. §§ 526, 527, or 528. Among other things, the defendant misrepresented the services to be provided, how the debt-resolution program worked, and an analysis of the debtor's financial situation when entering the program and going forward. Further, the defendant misrepresented the ability to avoid bankruptcy through the use of its Debt Resolution Services program as well as the benefits and risks that may result if a person becomes a debtor under Title 11.

4

23. In addition, the defendant is not registered with the Office of the State Bank Commissioner of Kansas as required by the Kansas Credit Services Organization Act.[2] Nor has the defendant shown that it is associated with an individual licensed to practice law in Kansas to be exempt from that Act.

24. Any violation of the KCSOA is deemed to be a deceptive act or practice under the Kansas Consumer Protection Act. The defendant has engaged in deceptive acts or practices in connection with a consumer transaction in violation of K.S.A. 50-626, and the defendant engaged in an unconscionable act or practice in connection with this consumer transaction with the debtor. Here, the debtor was unable to receive a material benefit from the debt resolution program. Despite paying nearly $9,000 to the defendant, no debt was resolved—surely because at least half was kept by the defendant as fees. The debtor was worse off with the defendant than without and still had to file for bankruptcy.

25. For the defendant's violation of 11 U.S.C. § 526(c)(1), the Court should void the contract and order the defendant to pay all the funds it collected from the debtor to the chapter 7 trustee.

---

[2] K.S.A. 50-1117 *et seq*.

5
Case 21-05021    Doc# 1    Filed 06/14/21    Page 5 of 6

## IV. Conclusion

To summarize, the United States Trustee asks that the Court enter judgment against Titan Legal Processing, LLC, granting the following relief:

a. Under 11 U.S.C. § 526(c)(1), an order voiding the contract between the defendant and the debtor, and requiring that all amounts collected from the debtor be paid to the chapter 7 trustee.
b. The costs of bringing this complaint.
c. Any other relief the Court finds appropriate.

>Respectfully submitted,
>
>ILENE J. LASHINSKY,
>UNITED STATES TRUSTEE
>
>By: <u>Richard A. Kear</u>, #20724
>Trial Attorney
>301 N. Main St., Suite 1150
>Wichita, KS 67202
>316-269-6637 (phone)
>Richard.Kear@usdoj.gov